UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kay Brooks Cassidy, | ) C/A No. 4:13-246-MGL-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Carolinas Hospital System; | ) |
| Costa Cockfield; | ) |
| Cheryl Dorriety, and | ) |
| Tammy Whatley, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This case is before the court because of Plaintiff's failure to comply with the undersigned's Order of February 6, 2013 (ECF No. 12), and because of Plaintiff's failure to prosecute the case in a timely manner. This case was filed by Plaintiff on January 28, 2013. (ECF No. 1).

Following the required initial review of the *pro se* pleading filed by Plaintiff, the initial Order was entered. That Order granted Plaintiff *in forma pauperis* status and directed her to submit Forms USM-285 for each named Defendant so as to bring the case into proper form and to enable the United States Marshals Service to effect service of process on her behalf. The Order warned Plaintiff that if the completed forms were not returned within the time permitted under the Order, the undersigned would enter a report and recommendation for dismissal of the case for failure to comply with an order of the court and failure to prosecute the case. (ECF No. 12). Plaintiff has not responded to the initial Order, she has not sought an extension of time to respond, and the time for compliance has passed.

Applying the four-factor test of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (dismissal

for failure to prosecute a case) to the circumstances of this case, this case should be dismissed without prejudice and removed from the court's docket. Plaintiff's failure to take any action moving this case forward in nearly three and one-half months, coupled with her failure to respond to initial Order in this case, indicates an intent on Plaintiff's part not to prosecute this case.

 Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute the case. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); *see also Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*). Plaintiff's attention is directed to the important notice on the following page.

           s/Thomas E. Rogers, III
           Thomas E. Rogers, III
           United States Magistrate Judge

March 26, 2013
Florence, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).