IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kay Brooks Cassidy, | ) Civil Action No.:4:13-246-MGL-TER |
| Plaintiff, | ) |
| | ) ORDER AND OPINION |
| vs. | ) |
| Carolinas Hospital System; Costa Cockfield; Cheryl Dorriety; and Tammy Whatley, | ) |
| Defendants. | ) |

Plaintiff Kay Brooks Cassidy ("Plaintiff") proceeding *pro se* and *in forma pauperis*, filed this action due to Defendants' alleged failure to accommodate her disability in violation of the Americans with Disabilities Act ("ADA") of 1990 and alleged retaliation in violation of Title VII of the Civil rights Act of 1964. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.

On March 26, 2013, Magistrate Judge Rogers issued a Report and Recommendation ("Report") recommending that the case be summarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order of the Court. (ECF No. 17.) Plaintiff did not submit complete and correct service documents with her Complaint, thus, by Order dated February 6, 2013, the Magistrate Judge gave Plaintiff additional time to bring the case into proper form. (ECF No. 12.) Plaintiff failed to respond, seek an extension, or otherwise comply with the Order.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of her right to file objections to the Report and Recommendation. (ECF No. 17 at 3.) However, she has not done so. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without service of process.

    s/ Mary G. Lewis
    United States District Judge

Spartanburg, South Carolina
May 1, 2013